UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY DISTRICT ATTORNEY, et al.,<br><br>    Defendants. | Case No. 23-cv-02754-BLF<br><br>**ORDER STAYING PROCEEDINGS AND TERMINATING MOTIONS FOR PRELIMINARY INJUNCTION AND SUMMARY JUDGMENT**<br><br>[Re: ECF Nos. 12, 13, and 32] |

Plaintiff Michael Devin Floyd accuses the Santa Clara County District Attorney and three Deputy District Attorneys of violating his civil rights as part of an ongoing criminal prosecution. Mr. Floyd asks for damages and injunctive relief.

Before the Court is Defendants' motion to dismiss Mr. Floyd's claims. ECF No. 32 ("Mot."); ECF No. 38 ("Reply"). Mr. Floyd opposes the motion. ECF No. 37 ("Opp."). Mr. Floyd has also moved for a preliminary injunction (ECF No. 12) and summary judgment (ECF No. 13). For the reasons discussed below, the proceedings are STAYED, Mr. Floyd's motion for preliminary injunction is TERMINATED without prejudice to refile when the stay is lifted, and Mr. Floyd's motion for summary judgment is TERMINATED without prejudice to refile when the stay is lifted.

**I. BACKGROUND**

This lawsuit pertains to the ongoing criminal prosecution captioned *The People of the State of California v. Michael Devin Floyd*, Case No. C2111237, in Santa Clara County. ECF No. 1 ("Compl.") at 2-3. Plaintiff was arrested on August 18, 2021, in San Jose and charged with assault with a firearm. *Id.* at 2. Plaintiff's charge is based upon the testimony of a witness who Plaintiff believes lied and committed perjury during the preliminary hearing. *Id.* at 4-5. The District

Attorney allegedly relied on this perjured testimony to make a finding of probable cause in bringing charges against Plaintiff. *Id.* at 5. Plaintiff has not been convicted. *Id.*

Plaintiff alleges that he cannot leave California due to the pending charge, which he claims has imposed an extreme financial burden on him. *Id.* at 6. Plaintiff further alleges that the District Attorney is using the criminal proceedings to prevent Plaintiff from pursuing two federal cases against the City of San Jose and the County of Santa Clara. *Id.* Finally, Plaintiff alleges a slew of claims including malicious prosecution, vindictive prosecution, abuse of process, obstruction of justice, and denial of equal protection, Second Amendment, and Sixth Amendment rights. *Id.* at 4-7. Plaintiff seeks $15 million in damages and attorney's fees. *Id.* at 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows parties to move to dismiss a complaint for lack of subject matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). The party asserting jurisdiction bears the burden of proof to establish subject matter jurisdiction. *Id.* at 778-79. A Rule 12(b)(1) motion attacking jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Without proper jurisdiction, courts cannot proceed on any cause of action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Motions for abstention under *Younger* are properly asserted under Rule 12(b)(1). *Younger v. Harris*, 401 U.S. 37 (1971); *Herships v. Cantil-Sakauye*, No. 17-cv-00473-YGR, 2017 WL 2311394, at *5-6 (N.D. Cal. May 26, 2017) (granting a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction on *Younger* grounds); *Ambat v. City & Cnty. of San Francisco*, No. C07-3622 SI, 2007 WL 3101323, at *2 (N.D. Cal. Oct. 22, 2007).

## III. DISCUSSION

*Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). The Supreme Court has "identified two sources for this policy: the constraints of equity jurisdiction and the concern for

United States District Court
Northern District of California

comity in our federal system." *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004). "*Younger* abstention permits federal courts to preserve respect for state functions such that the national government protects federal rights and interests in a way that will not unduly interfere with the legitimate activities of the States." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (internal quotations omitted).

### A. *NOPSI* Categories

*Younger* abstention is limited to three exceptional categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (internal quotation marks and citations omitted). First identified in *New Orleans Public Service, Inc. v. Council of New Orleans* ("*NOPSI*"), 491 U.S. 350 (1989), these three categories are known as the *NOPSI* categories. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Here, Plaintiff admits that the state court proceeding is ongoing in the criminal case. Compl. at 2-3. Thus, the instant action falls within the first *NOPSI* category.

### B. *Middlesex* Factors

"To warrant *Younger* abstention, a state civil action must fall into one of the *NOPSI* categories, and must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity ... to raise constitutional challenges.'" *Herrera*, 918 F.3d at 1044 (quoting *Middlesex*, 457 U.S. at 432). "If the state proceeding falls into one of the *NOPSI* categories and meets the three *Middlesex* factors, a federal court may abstain under Younger so long as 'the federal action would have the practical effect of enjoining the state proceedings." *Id.* (quoting *ReadyLink*, 754 F.3d at 759).

#### i. State Proceedings Are Ongoing

"State proceedings are ongoing for the purposes of *Younger* abstention if they are initiated before any proceedings of substance on the merits have taken place in the federal court. Put another way, the commencement of state proceedings only ceases to require federal abstention after the federal court proceedings have moved beyond an embryonic stage." *Credit One Bank,*

*N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023) (citations and quotations omitted).

Here, the state court case was filed before this Court had held any hearings or issued any substantive orders, and the Complaint states that Plaintiff has been charged but not convicted. Compl. at 5. Thus, this factor is satisfied because "the state action was 'ongoing' before the federal action proceeded beyond the embryonic stage." *Credit One Bank*, 60 F.4th at 1225; *see also Hicks v. Miranda*, 422 U.S. 332, 349-50 (1975). Thus, the Court finds that first factor is met.

### ii. State Proceedings Implicate Important State Interests

The second *Middlesex* factor requires that the state proceedings implicate important state interests. *Herrera*, 918 F.3d at 1044. The *Younger* doctrine recognizes that a state's ability to enforce its laws "against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution" is a "basic state function" with which federal courts should not interfere. *Miofsky v. Superior Court of the State of Cal., In and For Sacramento Cnty.*, 703 F.2d 332, 336 (9th Cir. 1983) (quoting *Younger*, 401 U.S. at 51-52).

The Court finds that the state's ongoing criminal proceeding unquestionably implicates "important state interests." Thus, the Court finds that second factor is met.

### iii. State Proceedings Provide Adequate Opportunity to Raise Constitutional Challenges

The inquiry under the third *Middlesex* factor is whether the state proceeding provides the plaintiff an adequate forum for raising constitutional challenges. *Younger* abstention reflects a general sense of respect for the integrity of state proceedings, and a presumption "that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Thus, "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Lebbos v. Judges of Superior Court, Santa Clara Cnty.*, 883 F.2d 810, 815 (9th Cir. 1989) (quoting *Middlesex*, 457 U.S. at 432). This factor "does not turn on whether the federal plaintiff actually avails himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists." *Herrera*, 918 F.3d at 1046. Rather, "the burden on this point rests on the federal plaintiff to show 'that state

4

procedural law barred presentation of [its] claims.'" *Id.* (quoting *Pennzoil*, 481 U.S. at 14).

The state court proceeding affords Plaintiff an "adequate opportunity to raise" the procedural and substantive challenges to the prosecution that he raises in this complaint. Here, Plaintiff lists numerous matters that he has already raised in the state court proceeding, such as recusal of judges, review from the Court of Appeal through a Writ of Mandate and Writ of Prohibition, removal to federal court, and motions to dismiss and to suppress evidence. Compl. at 3-4. Plaintiff's litany of motions in state court shows his opportunity to raise federal constitutional and other challenges. Thus, the Court finds that third factor is met.

### iv.   Effect of Relief on Ongoing State Action

"If the state proceeding falls into one of the *NOPSI* categories and meets the three *Middlesex* factors, a federal court may abstain under Younger so long as 'the federal action would have the practical effect of enjoining the state proceedings.'" *Herrera*, 918 F.3d at 1044 (quoting *ReadyLink*, 754 F.3d at 759). Here, Plaintiff's claims would have the practical effect of enjoining the ongoing state court proceeding. Indeed, Plaintiff calls for a preliminary injunction of his criminal proceedings. ECF No. 12. Thus, the Court finds that the federal action would have the practical effect of enjoining state proceedings.

## C.   Younger Exceptions for Bad Faith and Irreparable Injury

"If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger* abstention are met." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). "A plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citations omitted). No such showing has been made here.

### i.   Bad Faith

To demonstrate bad faith, a plaintiff "must provide something more than conclusory allegations that the state proceeding is the product of bad faith or harassment." *Scarlett v. Alemzadeh*, No. 19-CV-07466-LHK, 2020 WL 3617781, at *5 (N.D. Cal. July 2, 2020). Bad faith generally means that a prosecution has been brought "without a reasonable expectation of

obtaining a valid conviction." *Baffert*, 332 F.3d at 621.  Plaintiff alleges that the prosecution's only evidence is the testimony of a witness who allegedly perjured himself. Compl. at 4-5.  But allegations of bad faith by the state are conclusory, and Plaintiff fails to put forth any non-conclusory allegation that the conviction would not be valid or that prosecutors are otherwise acting in bad faith.

      **ii.    Other Extraordinary Circumstance**

Federal court intervention in a state proceeding may be warranted upon a showing of "extraordinary circumstances" that present a "danger of irreparable loss [that] is both great and immediate." *Younger*, 401 U.S. at 45.  Federal intervention in state court proceedings based on extraordinary circumstances exist when, for example, "'a statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Id.* at 53-54 (when a statute possibly is unconstitutional on its face, it does not by itself justify an injunction against good faith attempts to enforce the statute); *Baffert*, 332 F.3d at 621-22 (claim rooted in a constitutional violation itself does not constitute extraordinary circumstance).  Plaintiff has not put forth an irreparable injury that would justify this Court's intervention.

\*    \*    \*

In sum, the Court finds that the conditions required for the application of *Younger* are satisfied and Plaintiff has not demonstrated an exception to *Younger* that would justify federal court intervention.[1]

**D.    Application of *Younger* to the Instant Case**

The Ninth Circuit has explained that the application of *Younger* abstention depends on the nature of a plaintiff's claims.  Specifically, "when a court abstains under *Younger*, claims for injunctive and declaratory relief are typically dismissed." *Herrera*, 918 F.3d at 1042. However, the Ninth Circuit "has also recognized that, when a district court abstains from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state

---

[1] The Parties made several arguments addressing immunity. See Mot. at 3-6; Opp. at 5-7; Reply at 1-3.  Since the Court stays the instant case under *Younger*, it need not address those arguments.

proceedings conclude." *Id.* (emphasis in original).

Here, Plaintiff's Complaint seeks only monetary damages. Compl. at 9. Accordingly, Plaintiff's claim for damages is STAYED pending resolution of the state court proceeding.

## IV. ORDER

For the foregoing reasons, it is hereby ordered that:

1) Mr. Floyd's claim for damages is STAYED pending resolution of the state court proceeding. Defendants may refile their motion to dismiss under Rule 12(b)(6) if this case returns to active status.

2) Mr. Floyd's motion for preliminary injunction (ECF No. 12) is TERMINATED without prejudice to refile when the stay is lifted.

3) Mr. Floyd's motion for summary judgment (ECF No. 13) is TERMINATED without prejudice to refile when the stay is lifted.

The Parties shall file a joint status report within 10 days of the conclusion of the state court proceeding.

Dated: August 29, 2023

_____
BETH LABSON FREEMAN
United States District Judge

7